# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

ROSAIDA VERA,

      Plaintiff,

v.                                                    Case No. 5:22-cv-655-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

      Defendant.

## **OPINION AND ORDER**[2]

### **I.   Status**

Rosaida Vera ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of back pain, neck pain, a herniated bulging disc, arthritis, carpal tunnel syndrome, diabetes, anxiety, insomnia, migraines, and gastroesophageal reflux disease (GERD). Modified Transcript of Administrative Proceedings (Doc. No.

---

[1] Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 12), filed March 13, 2023; Reference Order (Doc. No. 15), entered March 14, 2023.

21; "Tr." or "administrative transcript"), filed May 25, 2023, at 68, 84, 209. Plaintiff protectively filed an application for DIB on August 24, 2020, alleging a disability onset date of April 25, 2020. Tr. at 182-83.[3] The application was denied initially, Tr. at 67-81, 82, 97-103, 104, and upon reconsideration, Tr. at 83, 84-91, 106-09.

On October 12, 2021, an Administrative Law Judge ("ALJ") held a hearing,[4] during which Plaintiff (represented by counsel) and a vocational expert ("VE") testified. Tr. at 36-65. On February 2, 2022, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 22-32.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council. See Tr. at 11-12 (Appeals Council exhibit list and order), 175-78 (request for review). On October 3, 2022, the Appeals Council denied Plaintiff's request for review, Tr. at 8-10, thereby making the ALJ's Decision the final decision of the Commissioner. On December 12, 2022, Plaintiff commenced this

---

[3] The DIB application was actually completed on August 25, 2020, Tr. at 182, but the protective filing date is listed elsewhere in the administrative transcript as August 24, 2020, Tr. at 68, 84.

[4] The hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances presented by the earlier stages of the COVID-19 pandemic. Tr. at 38, 40, 113-26, 269.

action under 42 U.S.C. § 405(g) by timely[5] filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff raises as the issue: "whether the ALJ improperly considered [] Plaintiff's physical impairments and resulting limitations." Plaintiff's Motion and Memorandum for Summary Judgment (Doc. No. 32; "Pl.'s Br."[6]), filed October 19, 2023, at 4 (some capitalization omitted). On January 17, 2024, Defendant responded by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 36; "Def.'s Mem."). Then, as permitted, Plaintiff on February 29, 2024 filed Plaintiff's Reply Brief (Doc. No. 43; "Reply"). After a thorough review of the entire record and the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[7] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal

---

[5] Plaintiff requested and received an extension of time to file a civil action. Tr. at 1-2.

[6] The Court previously has construed this filing as Plaintiff's Brief pursuant to the Federal Supplemental Rules for Social Security. See Order (Doc. No. 33), entered October 19, 2023.

[7] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry through step four, where the inquiry ended based upon the ALJ's findings at that step. See Tr. at 24-32. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since April 25, 2020, the alleged onset date." Tr. at 24 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease of the lumbar spine and the cervical spine; obesity; diabetes mellitus; and carpal tunnel syndrome (CTS)." Tr. at 25 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed

impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 25 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§] 404.1567(b) with exceptions. [Plaintiff] can never climb ladders, ropes or scaffolds. [Plaintiff] can occasionally climb ramps and stairs and she can occasionally stoop, kneel, crouch and crawl. [Plaintiff] can have no concentrated exposure to vibration. She can have occasional exposure to temperatures under 40 degrees Fahrenheit and over 90 degrees Fahrenheit. [Plaintiff] can have no exposure to unprotected heights or dangerous moving machinery. [Plaintiff] can frequently handle and finger bilaterally. She can be exposed to a moderate noise level (as defined in the Selected Characteristics of Occupations (SCO)).

Tr. at 26 (emphasis omitted).

At step four, the ALJ relied on the testimony of the VE and found that Plaintiff "is capable of performing past relevant work as a phlebotomist, . . . a blood donor unit assistant, . . . and [] a medical assistant." Tr. at 31 (emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from April 25, 2020, through the date of th[e D]ecision." Tr. at 32 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported

by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the ALJ improperly considered her physical impairments and limitations when assessing the RFC. Pl.'s Br. at 4-15. More particularly, Plaintiff first contends the ALJ "fail[ed] to consider that Plaintiff's lack of

treatment or records was due to lack of insurance and difficulty affording medical care." Id. at 5; Reply at 1-2. Second, Plaintiff quarrels with the ALJ's finding that she could perform light work with additional limitations, and in so doing, Plaintiff discusses an instruction of her treating physician, Rafael R. Rosario, M.D., that limited Plaintiff's raising, pushing, and pulling objects. Pl.'s Br. at 8-10; Reply at 2-3. Third, regarding the opinion of consultative examiner, Jose Diaz, M.D., Plaintiff contends the ALJ should have recontacted Dr. Diaz to determine whether any manipulative limitations with her hands were warranted. Pl.'s Br. at 10-11. Fourth, Plaintiff challenges the ALJ's findings with respect to her subjective complaints of pain. Id. at 12-15; Reply at 3-4.

Responding, Defendant argues the ALJ properly assessed Plaintiff's RFC. Def.'s Mem. at 5-15. According to Defendant, the ALJ did not err on the matter of Plaintiff's ability to afford care; the ALJ discussed the relevant and necessary factors with respect to the medical opinions and was not required to recontact Dr. Diaz; and the ALJ's analysis of Plaintiff's subjective complaints of pain is adequate and supported by substantial evidence. Id.

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R.

§ 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

"[B]efore denying an application based on a claimant's failure to comply with prescribed medical care, the ALJ must consider whether the claimant is able to afford the medical care." Brown v. Comm'r of Soc. Sec., 425 F. App'x 813, 817 (11th Cir. 2011) (citing Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003)). A claimant's inability to afford medical care excuses his or her lack of such care. Dawkins v. Bowen, 848 F.2d 1211, 1213 (11th Cir. 1988) (stating that the court "agree[s] with every circuit that has considered the issue that poverty excuses noncompliance [with prescribed medical treatment]") (citations omitted). "Nevertheless, if the claimant's failure to follow medical treatment is not one of the principal factors in the ALJ's decision, then the ALJ's failure to consider the claimant's ability to pay will not constitute reversible error." Id. (citing Ellison, 355 F.3d at 1275).

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a).[8] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior

---

[8] Plaintiff filed her application after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[9]

---

[9] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

The Regulations provide that an ALJ "will" consider the following factors related to symptoms such as pain:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii); see Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1277 (11th Cir. 2024). The factors must be considered "in relation to other

- 11 -

evidence in the record and whether the claimant's statements conflict with other evidence." Raper, 89 F.4th at 1277 (citation omitted); see 20 C.F.R. § 404.1529(c)(4). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

Here, the ALJ assessed an RFC that is supported by substantial evidence. As an initial matter, contrary to Plaintiff's argument that the ALJ did not adequately consider her inability to afford treatment, the ALJ's Decision shows the opposite. The ALJ specifically recognized Plaintiff's testimony that "[s]he was not able to get treatment for the past year because she lost her insurance." Tr. at 27. Later, in making the findings about Plaintiff's allegations being inconsistent with the evidence, the ALJ stated:

> Her treatment for degenerative disc disease has been conservative, comprised mostly of oral medications, injections and physical therapy. There was no evidence to show that [Plaintiff] was a surgical candidate. There was no documentation to show that she had continuing treatment for this impairment. Although she testified that this was due to lapse in insurance, there is no evidence of need for emergency room treatment during this time, nor evidence that [Plaintiff] sought and was denied treatment through free or reduced cost clinics.

Tr. at 30. The ALJ adequately considered Plaintiff's contention that she could not afford proper care due to lack of insurance, but nevertheless determined

that there was no convincing evidence of Plaintiff attempting other avenues of free or low-cost treatment, and no evidence of Plaintiff needing emergency type services. The ALJ's findings are supported by substantial evidence.

As noted above, Plaintiff alleges the ALJ erred in evaluating the RFC by finding Plaintiff could perform the amount of standing or walking required for light work; ignoring the instruction of treating physician Dr. Rosario, embedded in the treatment notes, that Plaintiff should "[a]void raising objects of more [than] 2 pounds and pushing and pulling objects"; and failing to recontact examining physician, Dr. Diaz, about whether Plaintiff should have manipulative limitations with her hands due to her carpal tunnel syndrome. Pl.'s Br. at 8-10; see Tr. at 358 (Dr. Rosario's instruction), 371-81 (Dr. Diaz's report).

In arguing she cannot perform the amount of standing or walking required for light work, Plaintiff essentially invites the Court to reweigh the evidence, which the Court cannot do. With respect to Dr. Rosario's instruction about raising, pushing, and pulling objects, it is true the ALJ did not specifically refer to this instruction, but this omission is harmless. A later visit does not contain the same instruction. See Tr. at 364. Thus, it does not appear to be an opinion on the functional capabilities of Plaintiff, but rather, an instruction limited in time and later abandoned. Finally, with respect to Dr. Diaz's opinion, the ALJ recognized the findings in Dr. Diaz's report, Tr. at 29-30, but found that

the report "does not contain an opinion on [Plaintiff's RFC]," Tr. at 30. This is accurate. See Tr. at 371-81. Moreover, the objective findings make clear that, regardless of the carpal tunnel diagnosis, Plaintiff had 5/5 grip strength on both hands and stated she is able to unbutton/button a shirt without difficulty; tie her shoelaces; and turn a doorknob with both hands. Tr. at 378. The ALJ was not required to recontact Dr. Diaz to determine if Plaintiff had manipulative limitations with her hands.

That leaves Plaintiff's overall contention that the ALJ inadequately addressed her subjective complaints of pain. See Pl.'s Br. at 12-15. On that issue, the ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. at 27. The ALJ then detailed the evidence, Tr. at 27-30, finding that it generally showed conservative treatment (which finding the Court has already determined was appropriate and supported), Tr. at 30. The ALJ further considered Plaintiff's reported activities of daily living to Dr. Diaz, including that she can maintain personal care; can prepare her own meals; can perform housework with difficulty; and can drive. Tr. at 29-30; see Tr. at 375.

Overall, the ALJ adequately complied with the applicable Regulation and made findings supported by substantial evidence.[10]

## V. Conclusion

The ALJ's Decision is supported by substantial evidence. Based on the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 18, 2024.

_____
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record

---

[10] Plaintiff, in her Reply, asserts the ALJ erred factually by finding she worked after the alleged disability onset date. Reply at 3-4. This finding, even if in error, was harmless. It was only made in connection with the ALJ's assessment of whether Plaintiff engaged in substantial gainful activity post-alleged onset. Tr. at 24. The ALJ found that, although Plaintiff allegedly worked some after the onset date, the "work activity did not rise to the level of substantial gainful activity." Tr. at 24. Accordingly, because the step one finding was in Plaintiff's favor, any misstatement of fact here was harmless.